UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-4923(DSD/SRN)

Cherne Contracting Corporation,

Plaintiff,

v. **ORDER**

Marathon Petroleum Company,

Defendant.

Eric J. Nystrom, Esq., John C. Ekman, Esq., Mark H. Zitzewitz, Esq. and Lindquist & Vennum, 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

Peter D. Gray, Esq. and Halleland, Lewis, Nilan & Johnson, 220 South Sixth Street, Suite 600, Minneapolis MN 55402; Timothy J. Nolan, Esq., Emily J. Piper, Esq. and McGrann, Shea, Anderson, Carnival, Straughn & Lamb, 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402 and Christine A. Longe, UnitedHealthcare, Inc., 5901 Lincoln Drive, MN012-S205, Edina, MN 55346, counsel for defendant.

This matter is before the court upon plaintiff's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion in part.

The facts giving rise to this commercial contract dispute are set forth in the court's February 11, 2008, order granting in part defendant Marathon Petroleum Company's ("Marathon") motion for summary judgment. <u>See</u> <u>Cherne Conracting Corp. v. Marathon Petroleum Co.</u>, Civ. No. 04-4923, 2008 U.S. Dist. LEXIS 10482, at

*1-6 (D. Minn. Feb. 11, 2008). In that order, the court determined that Contract Article 22 governed the scope of Marathon's liabilities upon termination of its contract with plaintiff Cherne Contracting Corporation ("Cherne"). The court, however, reserved judgment on the amount of Marathon's liabilities under Article 22 because it was not adequately addressed by either party. In response, Cherne filed the instant motion for summary judgment on April 1, 2008, seeking entry of judgment in the amount of $15,692, which represents four invoices totaling $41,956 minus $26,264 in overpayments by Marathon.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The parties agree that the remaining issue of liability is a purely legal question of contract interpretation.

The "cardinal purpose" of construing a contract is to "give effect to the intention of the parties as expressed in the language they used in drafting the whole contract." Art Goebel, Inc. v. N. Suburban Agencies, 567 N.W.2d 511, 515 (Minn. 1997). Article 22 provides:

> Upon termination of this Contract, [Marathon's] liabilities will be limited to payment of all reasonable legitimate outstanding reimbursable expenses, the balance of [Cherne's] fee, if applicable, up to date of termination, and all other reasonable and verifiable costs for materials and subcontracted services properly ordered by [Cherne] and for which [Cherne] is legally obligated to pay in connection with the Work. In no event shall [Cherne] be entitled to payment for work unperformed at the time of the termination of the Contract or for anticipated profits or any damages because of such termination.

(Order of Feb. 11, 2008, at 3-4.)

On October 7, 2004, Cherne submitted invoice number 63812 for $25,243.75 to cover two weeks of severance pay that it provided to five of its field employees upon Marathon's termination of the contract. Marathon first argues that the invoice is "tantamount to a request for payment on unperformed work," which Article 22 precludes. (Def. Br. at 7.) Severance pay, however, is "a kind of accumulated compensation for past services and a material recognition of their past value." Drybrough v. Acxiom Corp., 172 F. Supp. 2d 366, 371 (D. Conn. 2001) (citation and quotation omitted). Such pay is not the equivalent of "payment for work unperformed."

Marathon further argues that the severance pay constitutes unrecoverable damages caused by the contract's termination. Cherne contends that severance pay is a "reasonable legitimate outstanding reimbursable expense[]." The commercial terms of the parties' agreement required Marathon to reimburse Cherne for costs associated with the field employees that it requested and approved.

(Cherne Decl. Ex. D.) Marathon does not dispute that it requested and approved the five employees for whom Cherne provided severance pay. Marathon also does not challenge the reasonableness of Chernes's severance payments. Thus, the court determines that the severance pay represented costs associated with the field employees upon termination of the contract by Marathon, not damages. As such, invoice number 63812 reflects "reasonable legitimate outstanding reimbursable expenses," and Cherne is entitled to recover the $25,243.75.

Cherne submitted invoice number 63824 for $12,955 on October 21, 2004, to cover lease breakage fees. Marathon argues that such expenses are unrecoverable damages, and Cherne maintains that they are reasonable outstanding reimbursable expenses. The commercial terms of the contract expressly provide that Marathon "will reimburse the actual lease termination costs associated with early departure." (Second Cherne Decl. Ex. A.) Therefore, the court determines that the expenses accounted for in invoice 63824 are "reasonable legitimate outstanding reimbursable expenses" that Marathon must pay. Accordingly, Cherne is entitled to payment of $12,955.[1]

---

[1] The court notes that its conclusion with respect to invoices 63812 and 63824 is consistent with Marathon's brief in support of its motion for summary judgment in which Marathon stated that "[a] small portion of Cherne's claim relates to several invoices which Marathon initially disputed and now accepts for payment totaling approximately $38,000." (Def. Br. [Doc. No. 87] at 3 n.1.).

Finally, Cherne seeks reimbursement for two invoices that it did not submit to Marathon totaling $3,757. One invoice seeks payment for "Staff Labor - Home Office," and the other for "Miscellaneous Expenses." Based on this limited description of the incurred expenses, the court is unable to determine whether they were reasonable and legitimate. Therefore, Cherne is not entitled to reimbursement of the $3,757.

In light of the above, Marathon is liable to Cherne under Article 22 for $38,198.75. However, based upon Cherne's admission that Marathon overpaid by $26,264, Marathon's total liability to Cherne is $11,934.75. Accordingly, **IT IS HEREBY ORDERED** that Cherne's motion for summary judgment is granted in part.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 2, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court